IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIALINA T. TILLMAN, | § | |
| | § | |
| Plaintiff, *Pro Se* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00443-P |
| | § | |
| AMERICREDIT FINANCIAL | § | |
| SERVICES INC, dba, GM FINANCIAL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

Plaintiff Marialina T. Tillman ("Tillman"), proceeding *pro se*, filed this action against AmeriCredit Financial Services Inc., d/b/a/, GM Financial ("GM Financial") alleging violations of the Fair Credit Reporting Act ("FCRA"), the Servicemembers Civil Relief Act ("SCRA"), and the Truth in Lending Act ("TILA"). (Amended Complaint ("Compl.") [doc. 11]). Tillman alleges that GM Financial violated these statutes by: (1) attempting to repossess her 2014 Chevrolet Traverse; (2) failing to provide accurate and complete information to credit reporting agencies ("CRAs"); (3) failing to conduct a reasonable investigation regarding disputed information; (4) failing to provide the CRAs with the results of the investigation; and (5) failing to provide periodic billing statements. (Compl. at 2-6).

In response, GM Financial filed a Motion to Dismiss for Failure to State a Claim ("Motion"). [doc. 14]. In its Motion, GM Financial argues that Tillman failed to state an FCRA claim because she failed to allege what information she was disputing, when the information was disputed, which CRAs were notified, and how GM Financial was supposed to know that the information was incorrect and needed investigation. (Defendant's Motion ("Def. 's Mot.") at 5-10). Further, GM Financial argues that Tillman failed to state an SCRA claim because SCRA is not applicable to the underlying contract in this case. (Def. 's Mot. at 10-13). Finally, GM Financial argues that Tillman failed to state a TILA claim because Plaintiff did not plead when or how Defendant failed to provide the required information and Plaintiff alleges that timely monthly payments were made on the loan. (Def. 's Mot. at 13-15). Thereafter, Tillman filed a response reaffirming the allegations in the Amended Complaint. [doc. 17].

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citation omitted). The "[f]actual allegations . . . must be enough to raise a right to relief above the speculative level." *Id.* When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

When ruling on a 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). In rendering a decision on a 12(b)(6) motion, the court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, the court may consider "' [d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Accordingly, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court when ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Finally, it is well-established and "clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question for the court is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean*

*Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pled facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Additionally, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). Finally, although "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), the pleadings must still show specific, well-pled facts, "not mere conclusory allegations to avoid dismissal." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). The court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). Accordingly, if the pleadings fail to state more than a mere possibility of misconduct, then no viable claim has been stated, and the pleadings are subject to dismissal.

### III.   ANALYSIS

As set forth above, Tillman filed this suit raising claims against GM Financial for violating the FCRA, TILA, and SCRA [doc. 1]. Because Tillman has already amended the complaint [doc. 11], and, in response to GM Financial's Motion, did not offer additional factual support nor seek leave to further amend the complaint to address the alleged deficiencies [doc. 17], the Court concludes that Tillman has pled Plaintiff's best case. In sum, the Court finds that Tillman has failed to allege sufficient facts to support either a TILA or FCRA claim. Additionally, the Court finds that the SCRA is not applicable to this case. Therefore, the Court recommends the granting of GM Financial's Motion, and the dismissal of all of Tillman's claims with prejudice.

A. **GM Financial's Motion to Dismiss should be GRANTED with regard to Tillman's FCRA Claim**

As stated above, Tillman argues that GM Financial violated the FCRA by failing to provide accurate and complete information to CRAs, failing to conduct a reasonable investigation regarding disputed information, and failing to provide the CRAs with the results of the investigation. (Compl. at 2-6). FCRA, found in 15 U.S.C. §§ 1681n and 1681o, provides a private cause of action for the willful or negligent failure to comply with the requirements of § 1681s-2(b). *McMillan v. Experian Info. Servs. Inc.*, 119 F. Supp. 2d 84, 88-89 (D. Conn. 2000). "[T]he plain language of Sections 1681n and Section 1681o, when read in conjunction with Section 1681s-2, expressly provides a consumer remedy for violation by a furnisher of credit information of the obligations imposed under 15 U.S.C. § 1681s-2(b)." *Id.* at 89. The duties created by subsection (b) arise, however, only after the furnisher receives notice from a CRA that a consumer is disputing credit information. *See* 15 U.S.C. § 1681s-2(b)(1) (1998). No cause of action against the furnisher of information accrues, therefore, until after the furnisher receives the requisite notice from a CRA. The alleged fact that Plaintiff has notified Defendant of a dispute is not enough to trigger an investigation. *See Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) ("To recover against a furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." (citations and footnote omitted)).

"In the absence of an allegation that defendants failed to comply with § 1681s-2(b) after receiving notice from a credit reporting agency, the Court should dismiss the FCRA claims as

frivolous. In the absence of notice to defendants from a credit reporting agency, the claims lack an arguable basis in law. The legal theory simply has no merit without some advance notice to defendants by a credit reporting agency." *Scott v. Amex/Centurion S&T*, No. 3:01-CV-1595, 2001 WL 1645362, at *4 (N.D. Tex. Dec. 18, 2001); *see also Green v. RBS Nat'l Bank*, No. 4:06-CV-0188-HLM, 2008 WL 11417395, at *9 (N.D. Ga. Jan. 23, 2008). Furthermore, if the plaintiff does not allege facts showing a specific inaccuracy in the defendant's reporting, no claim under the FCRA exists. *Saunders v. Equifax Info. Sys.*, No. 16-CV-525, 2017 WL 3940942, at *5 (W.D. Tex. June 6, 2017).

In this case, Tillman alleges that "the plaintiff . . . submit[ed] written letters and emails to [D]efendant as well as all three major credit bureaus." (Compl. at 3). Further, Tillman alleges that Defendant failed to: (1) "furnish accurate information to the CRAs;" (2) "conduct a reasonable investigation into the disputed information;" and (3) "provide the CRA[s] with the results of the investigation." (Compl. at 5-6). Tillman does not allege what the inaccuracies are, what CRAs received letters and emails, whether the CRAs responded to those letters and emails or notified GM Financial of them, or whether any CRA notified GM Financial of an inaccuracy. While Tillman alleges that the letters and emails to the CRAs were also sent to GM Financial, Defendant is not required to investigate those claims unless notified by a CRA. *Scott*, 2001 WL 1645362, at *4. Accordingly, Tillman has failed to allege sufficient facts to support an FCRA claim, and the Court recommends the dismissal of Tillman's FCRA claim.

### B. <u>GM Financial's Motion to Dismiss should be GRANTED with regard to Tillman's SCRA Claim</u>

As stated above, Tillman also argues that GM Financial violated the SCRA by attempting to repossess a 2014 Chevrolet Traverse while Tillman's spouse was on "active duty orders." (Compl. at 3-5). The SCRA provides that, after a servicemember enters military service, a contract

by the servicemember for the purchase of personal property, including motor vehicles, may not be rescinded or terminated for breach of terms of the contract, nor may the property be repossessed without a court order. *See* 50 U.S.C. § 3952(a)(1). Further, the SCRA states that it applies only to a contract for which a deposit or installment has been paid before the service member entered military service. 50 U.S.C. § 3952(a)(2). Accordingly, the SCRA applies in this case only if the contract was entered into, and one payment was made, prior to Tillman's spouse entering active duty status. *See Whigham v. Chase Auto Fin. Corp.*, 826 F. Supp. 2d 914, 920 (E.D. Va. Oct. 5, 2011); *see also Chas. H. Jenkins & Co. v. Lewis*, 259 N.C. 86, 89-90 (1963) (holding that SCRA did not apply to a servicemember who purchased an automobile while in military service).

Here, Tillman alleges that the spouse's active-duty status began on, and has continued since, November 2, 2009. (Compl., Exhibit 1). Because the car at issue is a 2014 Chevrolet, the contract for its purchase, and the first payment, could not have been completed prior to Tillman's spouse beginning his active-duty service in 2009. Therefore, from the facts alleged, the SCRA does not apply, and the Court recommends that Tillman's SCRA claim be dismissed.

### C. GM Financial's Motion to Dismiss should be GRANTED with regard to Tillman's TILA Claim

Finally, Tillman argues that GM Financial violated TILA by failing to provide a periodic billing statement containing charges imposed, interest, and closing date of the billing cycle. (Compl. at 6). In support, Tillman asserts that: (1) Plaintiff has not been able to access online billing through either MYGM app or GMFinancial.com since December 2021; (2) Plaintiff made monthly payments over the phone; and (3) that GM Financial failed to send any billing statements. (Compl. at 1-3).

Under TILA, a creditor's disclosure requirements vary depending on whether the transaction is open-ended or close-ended. *See generally* 12 C.F.R. § 1026. TILA defines an open-

ended transaction as "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." 15 U.S.C. § 1602(j). The most common example of an open-ended transaction is a credit card. *See, e.g.*, 15 U.S.C. § 1602(g). While TILA does not define closed-ended transaction, courts have held that it applies to loans where the finance charge is divided into periodic payments, such as a mortgage or car loan. *See, e.g., McAnaney v. Astoria Fin. Corp.*, No. 04-cv-1101, 2008 WL 222524, at *4 (E.D.N.Y. Jan. 25, 2008).

In her amended complaint Tillman pleads the disclosure requirements for an open-ended transaction. (Compl. at 6 (citing 12 C.F.R. § 1026.6). However, because the underlying car loan is a closed-ended transaction, such loan is governed by 12 C.F.R. §§ 1026.17, *et seq*. *See McAnaney*, 2008 WL 222524, at *4. To meaningfully disclose credit terms to customers in a closed-end credit transaction, creditors must clearly and accurately disclose the material terms of a consumer credit transaction *before* the consummation of the transaction. *See* 12 C.F.R. § 1026.17; *see also Beach v. Ocwen Fed. Bank*, 423 U.S. 410, 412 (1998). The material terms that require disclosure prior to the consummation of the transaction are things such as finance charges, annual interest rates, and the borrower's rights. *Beach*, 423 U.S. at 412.

In this case, Tillman asserts that GM Financial failed to make periodic disclosures but does not assert that GM Financial failed to make the required disclosures prior to the consummation of the transaction. (Compl. at 6). Because, taking Tillman's factual allegations as true, the transaction at issue is closed-ended and not open-ended, the TILA does not require GM Financial to make the type of periodic disclosures that Tillman bases her claim on. In fact, Tillman's assertion that Plaintiff made monthly payments would suggest that GM Financial made the

8

required disclosures regarding the material terms of the loan. (Compl. at 2). Furthermore, the Court notes that Tillman—despite GM Financial pointing out the mistake—did not offer any further detailed allegation to support a claim that GM Financial failed to make the disclosures required for a closed-ended transaction. (*See generally* Plaintiff's Response [doc. 17]). Accordingly, Tillman has failed to allege sufficient facts to support a TILA claim, and the Court recommends the dismissal of Tillman's TILA claim with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that GM Financial's Motion to Dismiss [doc. 14] should be **GRANTED**.

## **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 11, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED August 28, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE